IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHN WESLEY WILLIAMS, III

    Plaintiff,

v.                                                            CASE NO. 5:12-cv-191-RS-GRJ

DR. VILCHENZ, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate confined at Holmes Correctional Institution, initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C § 1983 and seeks leave to proceed as a pauper. Docs. 1 & 2. The Complaint stems from treatment Plaintiff has received for a thyroid condition. This case is before the Court for screening pursuant to 28 U.S.C § 1915(b)(2), governing proceedings *in forma pauperis*. On June 22, 2012, the Court deferred a ruling on Plaintiff's IFP motion and ordered Plaintiff to show cause as to why this case should not be dismissed for abuse of the judicial process because Plaintiff failed to truthfully disclose all of his prior federal cases, as required on the complaint form, and for failure to state a claim upon which relief may be granted. Doc. 4. Plaintiff has filed a response to the show cause order. Doc. 5. For the following reasons, the undersigned recommends that leave to proceed as a pauper be denied and that this case be dismissed for abuse of the judicial process and for failure to state a claim upon which relief may be granted.

Plaintiff executed the civil rights complaint form under penalty of perjury. Doc. 1 at 8. Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits, including whether they have initiated other

actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (including habeas corpus petitions), and whether they have "ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service," and if so to "identify each and every case so dismissed." Doc. 1 at 5-7. The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." Doc. 1 at 5.

In response to these questions, Plaintiff identified one prior civil case: *Williams v. Long*, Case No. 4:11-cv-311-SPM-WCS (N.D. Fla. 8/24/11) (dismissing case for failure to prosecute).

A review of the Court's PACER Case Locator reflects that, contrary to his sworn allegations, Plaintiff filed at least one additional civil rights case that he failed to disclose: *Williams v. Long*, Case No. 3:09-cv-999-TJC-TEM (M.D. Fla. 2/7/11) (dismissing case pursuant to notice of voluntary dismissal).

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe *all* previous cases as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[1] In *Redmon,* the Eleventh Circuit affirmed the

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

*Case No:5:12-cv-191-RS-GRJ*

dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]"  *Id*.  The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case.  The failure to exercise candor in completing the form -- while attesting to the Court that that the answers are made under penalty of perjury -- impedes the Court in managing its caseload and merits the sanction of dismissal.  *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted

with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

In his response to the show cause order, Plaintiff states that he has limited education and that his "understanding level is not as high as others." Doc. 5. He contends that he has not received proper assistance from the inmates in the law library, and that he did not disclose the additional case due to a lack of understanding of the process.

The Court is not persuaded that Plaintiff's lack of candor should be excused under these circumstances. Reliance on the advice of other inmates does not absolve Plaintiff of the responsibility to comply with the Court's instructions. The instructions on the Court's complaint form are clear and unambiguous, and compliance with the instructions does not require special knowledge or experience.

Further, screening of the Complaint pursuant to 42 U.S.C § 1915A reflects that the allegations fail to state a claim upon which relief may be granted. Plaintiff alleges that he has a thyroid condition. Plaintiff alleges that he has been treated at various DOC facilities for his condition, but he contends that "they are not giving me the right treatment." He alleges that Dr. Vilchenz at Holmes C.I. took him off of his medication but did not tell Plaintiff why he was doing so. Plaintiff argues that he is "trying to get better treatment" to address his condition. For relief, Plaintiff seeks only monetary damages. Doc. 1.

Pursuant to 28 U.S.C. § 1915A, the court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and shall "dismiss the complaint . . . if the complaint . . . fails to state a claim upon which relief may be granted. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th

*Page 6 of 8*

Cir.1998) (*overruled on other grounds* by *Iqbal*).

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment prohibition against cruel and unusual punishment. "To prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009). To establish the second element, deliberate indifference to the serious medical need, the plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir.2004); *see also Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994) (explaining that the plaintiff must show that the defendant was "both [ ] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference").

Even if Plaintiff's asserted medical condition is objectively serious, his factual allegations reflect that he has been examined and treated for the condition, but that he disagrees with his diagnosis and/or treatment. Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference. *Hamm v. DeKalb County*, 774 f.2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991)*; see also Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[A]s *Estelle* teaches, the question of whether governmental actors should have employed additional diagnostic techniques or forms of

treatment is a 'classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle* 429 U.S. at 107)); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("'[W]e disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment.  Along with all other aspects of health care, this remains a question of sound professional judgment.'") ( quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim.").

In view of this authority, the Court concludes that the allegations of the complaint fail to state a claim upon which relief may be granted.  In his response to the show cause order, Plaintiff submitted additional information and grievances pertaining to his thyroid condition.  These documents further support a conclusion that Plaintiff has received treatment for his thyroid condition, but questions whether he is receiving the "right" treatment.  *See* Doc. 5.  The additional information submitted by Plaintiff does not suggest that the complaint could be amended to state a cognizable claim for relief, and the undersigned therefore concludes that amendment in this case would be futile.

Accordingly, it is respectfully **RECOMMENDED** that leave to proceed as a pauper, Doc. 2, should be **DENIED**, and that this case should be **DISMISSED** for abuse of the judicial process and for failure to state a claim upon which relief may be granted.

Such dismissal will operate as a "strike" pursuant to  28 U.S.C § 1915(g).

**IN CHAMBERS**  this 18th day of July 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**